# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

JAMES EBRAHIMI,

    Plaintiff(s),

v.

CCW LANTANA, LLC, et al.,

    Defendant(s).

Case No. 2:19-cv-00325-JCM-NJK

**Order**

[Docket No. 67]

Pending before the Court is Defendants' renewed motion for a determination of the sufficiency of a medical report. Docket No. 67. Plaintiff has not filed a response in opposition.[1] The motion is properly decided without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion is **GRANTED**.

The Federal Rules of Civil Procedure provide a framework for courts to address concerns as to competency in considering whether to appoint a guardian *ad litem* or take other action. Fed. R. Civ. P. 17(c).[2] One of the potential remedies when such an issue arises for a *pro se* party is for the Court to appoint counsel. *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989) ("the court may find that the incompetent person's interests would be adequately protected by the appointment of a lawyer"). Hence, the court possesses particularly wide discretion in determining whether appointment of a guardian *ad litem* is appropriate for a party already represented by counsel. *See Sanchez v. Grandview School Dist. No. 200*, 2012 WL 12918718, at *2 (E.D. Wash. Jan. 24, 2012).

---

[1] Plaintiff, through his attorneys, consents to the granting of the motion and a finding that no action is necessary to protect Plaintiff's interests in this case. *See* Docket No. 62 at 2.

[2] In civil cases, federal courts apply federal law as to procedures and state law as to substance with respect to competency. *See, e.g.*, Docket No. 55 at 2.

1

In this case, Plaintiff is represented by two attorneys, neither of whom seek appointment of a guardian *ad litem* or other relief. To the contrary, Plaintiff (through counsel) has indicated elsewhere that he "requests that this Court issue an order that permits the parties to formally settle this matter and proceed with dismissing his case against Defendants." Docket No. 62 at 2. Moreover, neither Plaintiff nor his attorneys has indicated an inability of Plaintiff to consult with his lawyers with a reasonable degree of rational understanding, or otherwise to understand the nature of the proceedings. *Cf. United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cnty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). Such considerations militate against granting further relief in this case. *See, e.g.*, *Brackin v. Cal. Dept. of State Hosps.*, 2016 WL 3185021, at *2 (N.D. Cal. June 8, 2016).

That Plaintiff is sufficiently competent, with the aid of counsel, is further borne out by Dr. Mehrdad Tafreshi. Docket No. 61-2. In particular, Dr. Tafreshi performed a cognitive assessment examination on Plaintiff and reviewed his medical records in finding that Plaintiff does not suffer from moderate or severe mental health conditions. *Id.* at 2, 3. Dr. Tafreshi further found that Plaintiff does not suffer from a list of pertinent medical impairments, including, *inter alia*, the inability to evaluate information or the inability to execute on desires as would prevent him from pursuing his own best interests. *Id.*[3] Similarly, Dr. Tafreshi found that Plaintiff is not unable to participate in mediation. *See id.* at 6. Particularly given that a settlement has already been reached in this case and Plaintiff's representation by counsel, these findings are indicative of a party who does not require appointment of a guardian *ad litem*.

Accordingly, the Court finds that there is no need for a competency hearing or for the appointment of a guardian *ad litem*. Consistent with that finding, Defendants' renewed motion for a determination of the sufficiency of a medical report is **GRANTED**.

---

[3] Dr. Tafreshi is a licensed physician and Plaintiff is under his continuing care. *Id.* at 1. Defendants appear to question whether Dr. Tafreshi is qualified to provide his opinion, as opposed to a psychologist. *See* Docket No. 67-2 at ¶ 7. Defendants do not identify any legal authority nor present meaningfully developed argument that the Court cannot rely on Dr. Tafreshi's opinion. *Cf. United States v. Odom*, 736 F.2d 104, 112-13 (4th Cir. 1984) (competency may be determined based on "such examination as [the Court] deems appropriate").

As the parties have reached a settlement (Docket No. 62 at 2) and there is no outstanding issue regarding competency, the parties must file dismissal papers by October 20, 2021.

IT IS SO ORDERED.

Dated: September 20, 2021

_____
Nancy J. Koppe
United States Magistrate Judge

3